```
 1  GEORGE S. CARDONA
    Acting United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    SHERILYN PEACE GARNETT (Cal. Bar No. 208318)
 4  Assistant United States Attorneys
         1300 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone:  (213) 894-3424
         Facsimile:  (213) 894-6436
 7       E-Mail:     sherilyn.garnett@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
```

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA CR No. 08-175(A)-RT |
| Plaintiff, | ) <u>THE PARTIES' AGREEMENT RE:</u> <u>SENTENCING OF DEFENDANT DANA</u> |
| v. | ) <u>CHRISTIAN WELCH</u> |
| DANA CHRISTIAN WELCH, | ) |
| Defendant. | ) |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant Dana Christian Welch ("defendant"), by and through his attorney, Craig Wilke, Esq., hereby file the parties' sentencing agreement for defendant Dana Christian Welch.

The parties' sentencing agreement is based upon the files and records in this case, the Presentence Report, and any other

///

| | |
|---|---|
| 1 evidence or argument that the | court may wish to consider at the |
| 2 time of sentencing. | |
| 3 DATED: October 14, 2009 | Respectfully submitted, |
| 4 | GEORGE S. CARDONA<br>Acting United States Attorney |
| 5 | |
| 6 | CHRISTINE C. EWELL<br>Assistant United States Attorney<br>Chief, Criminal Division |
| 7 | |
| 8 | |
| 9 | SHERILYN PEACE GARNETT<br>Assistant United States Attorney |
| 10 | |
| 11 | Attorneys for Plaintiff<br>United States of America |
| 12 DATED: October 13, 2009 | CRAIG WILKE |
| 13 | |
| 14 | Attorney for Defendant<br>Dana Christian Welch |
| 15 | |
| 16 DATED: October 13, 2009 | DANA CHRISTIAN WELCH |
| 17 | |
| 18 | Defendant |

2

SENTENCING AGREEMENT

I.

FACTUAL BACKGROUND

On April 22, 2009, a jury found defendant Dana Christian Welch guilty on Counts One and Two of a four-count First Superseding Indictment ("Indictment"). Counts One and Two each charge defendant with a violation of 18 United States Code ("U.S.C."), Section 32(a)(5), intentional interference with the operator of an aircraft. The jury found defendant not guilty of Counts Three and Four, which each charge defendant with a violation of 18 U.S.C. § 32(a)(8), attempted interference with the operator of an aircraft.

II.

SENTENCING FACTORS

Defendant and the USAO believe that the following advisory sentencing guideline factors are applicable to defendant:

Base Offense Level    :    18    U.S.S.G. § 2A5.2

Criminal
History Category      :    VI

However, the parties reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant and the USAO also recognize and understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.

III.

PARTIES' RECOMMENDED SENTENCE

The USAO stipulates and agrees with defendant to recommend

3

1 that the court depart from the above-referenced range of
2 imprisonment to impose a reduced sentence of: 30 months
3 imprisonment on each of Counts One and Two to run concurrently.
4 The parties further agree to recommend that no prior imprisonment
5 (other than credits that the Bureau of Prisons may allow under 18
6 U.S.C. § 3585(b)) may be credited against the recommended
7 sentence, including credit under Sentencing Guideline 5G1.3.
8     If, however, the court chooses not to follow the
9 government's recommendation and, as a result, defendant retains
10 his appellate rights, the government reserves the right to argue
11 on appeal that a sentence within the applicable advisory
12 Sentencing Guidelines range is within the range of
13 reasonableness.
14     The parties' acknowledge that this sentencing agreement does
15 not bind either the United States Probation Office or the Court.
16 The parties' anticipate that the Court will determine the facts
17 and calculations relevant to sentencing and decide whether to
18 agree to follow the parties' sentencing recommendation. In this
19 regard, both defendant and the USAO stipulate and agree that each
20 party is free to: (a) supplement the facts by supplying relevant
21 information to the United States Probation Office and the Court,
22 and (b) correct any and all factual misstatements relating to the
23 calculation of the sentence.
24                    MUTUAL WAIVER OF APPEAL
25     Defendant gives up the right to appeal his convictions, any
26 sentence imposed by the Court, and the manner in which the
27 sentence is determined, provided the sentence is constitutional
28 and the Court imposes a concurrent term of imprisonment of 37

1  months or lower on Counts One and Two.  Defendant also gives up
2  any right to bring a post-conviction collateral attack on the
3  convictions or sentence, except a post-conviction collateral
4  attack based on a claim of ineffective assistance of counsel, a
5  claim of newly discovered evidence, or a explicitly retroactive
6  change in the applicable Sentencing Guidelines, sentencing
7  statutes, or statutes of conviction.
8       Notwithstanding the foregoing, defendant retains the ability
9  to appeal the conditions of supervised release imposed by the
10 court, with the exception of the following: standard conditions
11 set forth in district court General Orders 318 and 01-05; the
12 drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and
13 3583(d); and the alcohol and drug use conditions authorized by 18
14 U.S.C. § 3563(b)(7).
15      The USAO gives up its right to appeal the sentence, provided
16 that (a) the sentence is constitutional and the Court imposes a
17 concurrent term of imprisonment of 30 months or above.
18                       NO ADDITIONAL AGREEMENTS
19      Except as set forth herein, there are no promises,
20 understandings or agreements between the USAO and defendant or
21 defendant's counsel.  Nor may any additional agreement,
22 understanding or condition be entered into unless in a writing
23 signed by all parties or on the record in court.
24 ///
25 ///
26 ///
27 ///
28 ///

5

1  This agreement is effective upon signature by defendant and
2  an Assistant United States Attorney.
3  AGREED AND ACCEPTED
4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
   GEORGE S. CARDONA
6  Acting United States Attorney

7  _____          10/14/09
                                      _____
8  SHERILYN PEACE GARNETT              Date
   Assistant United States Attorneys
9

10    I have read this agreement and carefully discussed every
11 part of it with my attorney. I understand the terms of this
12 agreement, and I voluntarily agree to those terms. My attorney
13 has advised me of my rights, of possible bases for appeal, of the
14 sentencing factors set forth in 18 U.S.C. § 3553(a), of the
15 relevant Sentencing Guidelines provisions, and of the
16 consequences of entering into this agreement. No promises or
17 inducements have been given to me other than those contained in
18 this agreement. No one has threatened or forced me in any way to
19 enter into this agreement. Finally, I am satisfied with the
20 representation of my attorney in this matter.

21
22 _____          10-13-09
                                      _____
   DANA CHRISTIAN WELCH                Date
23 Defendant

24    I am Dana Christian Welch's attorney. I have carefully
25 discussed every part of this agreement with my client. Further,
26 I have fully advised my client of his rights, of possible bases
27 for appeal, of the sentencing factors set forth in 18 U.S.C.
28 § 3553(a), of the relevant Sentencing Guidelines provisions, and

                                    6

of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____  Date 10/13/09
CRAIG WILKE
Counsel for Defendant
Dana Christian Welch