GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
SHERILYN PEACE GARNETT (Cal. Bar No. 208318)
Assistant United States Attorneys
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-3424
     Facsimile:  (213) 894-6436
     E-Mail:     sherilyn.garnett@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA CR No. 08-175(A)-RT |
| Plaintiff, | ) <u>GOVERNMENT'S RESPONSE TO THE PSR AND RESPONSE TO DEFENDANT'S POSITION RE: SENTENCING</u> |
| v. | ) |
| DANA CHRISTIAN WELCH, | ) Hearing Date: November 2, 2009 |
| Defendant. | ) Hearing Time: 9:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files the government's response to the Presentence Report and response to defendant Dana Christian Welch's position re: sentencing.

The government's response to the Presentence Report and response is based upon the files and records in this case, the Presentence Report, and any other

///

1 | evidence or argument that the court may wish to consider at the
2 | time of sentencing.
3 | DATED: October 26, 2009          Respectfully submitted,
4 |                                   GEORGE S. CARDONA
                                      Acting United States Attorney
5 |
6 |                                   CHRISTINE C. EWELL
                                      Assistant United States Attorney
                                      Chief, Criminal Division
7 |
8 |                                   _____
9 |                                   SHERILYN PEACE GARNETT
                                      Assistant United States Attorney
10 |
11 |                                  Attorneys for Plaintiff
                                      United States of America

2

## GOVERNMENT'S RESPONSE TO THE PSR

The government hereby concurs with the facts and calculations set forth in the Presentence Report ("PSR"). The government also concurs with the United States Probation Office's ("USPO") recommendations concerning payment of a fine, payment of the special assessment, the term of supervised release, and the proposed conditions of supervised release. As to the appropriate term of incarceration for defendant, the government, in accordance with its sentencing agreement with defendant, believes that a term of thirty months incarceration is within the range of reasonableness and satisfies the factors set forth in Title 18 United States Code, Section 3553(a).

II.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S POSITION RE: SENTENCING

Defendant has set forth a variety of sentencing arguments in support of a more lenient sentence. The government wishes to respond to two of those arguments, namely, that defendant is entitled to a two-level downward adjustment for acceptance of responsibility and that defendant should not be required to perform twenty hours of community service. The government takes no position on defendant's remaining arguments.

A.  **Defendant Is Not Entitled To A Two-Level Reduction For Acceptance Of Responsibility**

Defendant contends that because he waived his <u>Miranda</u> rights and spoke to law enforcement after his arrest, he is entitled to a two-level reduction for acceptance of responsibility under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") section 3E1.1(a). Defendant's argument is without

merit.

The Sentencing Guidelines provide for a two-point decrease in offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Factors to consider in determining whether a defendant qualifies for a two-level downward adjustment include whether the defendant "truthfully admitted the conduct comprising the offense(s) of conviction . . . ." Application Note 2 to U.S.S.G. § 3E1.1(a) instructs that the "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. . . ." U.S.S.G. § 3E1.1(a), cmt n. 2.

In this case, the government demonstrated during trial that, although defendant spoke to law enforcement after his arrest, he was not truthful regarding his offense conduct and repeatedly lied about the location of the laser until nearly the end of his conversation with law enforcement. Further, defendant did not merely exercise his constitutional right to a trial, but, instead, put the government to its burden of proof by denying essential elements of the crimes charged. As such, defendant is not entitled to a two-level reduction for acceptance of responsibility.

Although defendant cites United States v. McKittrick, 142 F.3d 1170 (9th Cir. 1998) for the proposition that a defendant may receive an adjustment under U.S.S.G. § 3E1.1(a) even when he contests his factual guilt at trial, McKittrick does not support his argument. Unlike the present case, in which defendant

4

proceeded to trial and denied essential elements of the offense, the defendant in <u>McKittrick</u> went to trial to preserve issues that did not relate to his factual guilt, including that the particular statute under which he was charged was invalid and did not apply to his conduct. <u>Id.</u> at 1178. As such, the facts and holding of <u>McKittrick</u> do not support application of the two-level downward acceptance of responsibility adjustment to defendant's offense level in the present case.

Accordingly, defendant has not shown that he is entitled to a two-level reduction for acceptance of responsibility.

B. <u>The Court Should Impose The Special Condition That Defendant Perform Twenty Hours Of Community Service</u>

Defendant challenges the United States Probation Office's ("USPO") recommendation that the Court impose a special condition that defendant perform twenty hours of community service each week when not employed. Defendant contends such a condition is a greater deprivation of liberty than is reasonably necessary, that the provision allowing defendant to be excused from such service for an "acceptable reason" is ambiguous, and that imposition of the condition would be an improper delegation of the Court's authority. Defendant's arguments, however, lack merit.

First, defendant has not shown that the community service condition is not reasonably related to the factors set forth in section 3553(a) or involves greater deprivation of liberty than is necessary for the purposes of supervised release. To the contrary, the proposed condition is entirely reasonable, given defendant's lengthy criminal history, drug use, numerous probation violations, and lack of stable employment. <u>See</u> PSR

¶¶ 47-91, 107, 114. Moreover, the number of hours proposed by the USPO is not unreasonable given that the average employed American works approximately forty hours per week. Although defendant claims his work involves being the primary caretaker for his grandmother, defendant's brother testified at trial that defendant's uncle, who is a nurse, also shares the responsibility for taking care of defendant's grandmother. Further, the facts and circumstances of defendant's case, as well as his criminal history, reflect an individual who has a tendency to break the law if left idle and without employment. Thus, the special condition requiring defendant to perform community service, if not otherwise employed, is reasonably related to the goals set forth in section 3553(a).

Additionally, the special condition will not deprive defendant's liberty to any greater extent than is necessary, given the need to deter defendant's criminal conduct and to protect the public from further illegal activities by the defendant. Nor is the "acceptable reason" provision of the condition vague, given the context of the provision. Notwithstanding, if defendant believes the probation officer is being arbitrary in determining whether defendant has provided an "acceptable reason" for not performing community service, he is free to seek relief from this Court.

Finally, imposition of the community service condition will not improperly delegate this Court's authority to the probation officer. Probation officers have broad statutory authority to supervise defendants and to enforce a sentencing court's terms and conditions of supervised release. See 18 U.S.C. § 3603.

"[W]here the court makes the determination of whether a defendant must abide by a condition, and how (or, when the condition involves a specific act such as drug testing, how many times) a defendant will be subjected to the condition, it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied." United States v. Stevens, 424 F.3d 876, 880 (9th Cir. 2005).

Here, this Court is responsible in the first instance for making the determination whether defendant must perform community service. The probation officer would only be responsible for determining the times and circumstances when this condition must be satisfied. Accordingly, imposition of the condition would not be an improper delegation of this Court's authority.

C. Conclusion

For the reasons set forth above, this Court should not apply the two-level downward adjustment for acceptance of responsibility to defendant's offense level and should impose the supervised release condition that defendant perform twenty hours of community service each week.